UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     GERALD HENNEGHAN ) | Case No. 03-11853-SSM |
| ) | Chapter 7 |
|                 Debtor ) | |
| ) | |
| GERALD HENNEGHAN *et al.* ) | |
| ) | |
|               Plaintiffs ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 05-1217 |
| ) | |
| KINDERCARE LEARNING CENTER, INC. ) | |
| ) | |
|               Defendant ) | |

**MEMORANDUM OPINION**

This matter is before the court on the defendant's motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim for relief. The complaint asserts violations of the automatic stay, race and sex discrimination, harassment, retaliatory conduct, and violation of public policy, arising from the defendant's refusal to enroll the plaintiff's children at a child care center. A hearing on the motion to dismiss was held on June 7, 2005. At the conclusion of the hearing (which was held in conjunction with motions to dismiss in two other adversary proceedings filed by the debtor) the court took the motion under advisement to consider the arguments of the parties. For the reasons stated, the court concludes that this action cannot be maintained in the absence of an order reopening the

1

debtor's closed bankruptcy case, and that in any event this court lacks subject-matter jurisdiction over certain of the claims.

## Background

Gerald Henneghan ("the debtor") filed a voluntary petition for an adjustment of his debts under chapter 13 of the Bankruptcy Code in this court on April 17, 2003. This was the debtor's fifth bankruptcy filing since 1998. A plan was not confirmed, and the case was converted to chapter 7 on May 6, 2004. The debtor received a chapter 7 discharge on September 14, 2004, and the case was thereafter closed on February 4, 2005. Among the creditors listed in his case was KinderCare, Inc. ("KinderCare").

The present action was filed on March 28, 2005, by Mr. Henneghan in his own name and that of his three minor children seeking $2.42 million in compensatory and punitive damages from KinderCare for alleged violations of the automatic stay and discharge injunction.[1] The complaint is pleaded in five counts. These purport to state causes of action for race and sex discrimination (Count 1), retaliatory conduct (Count 2), harassment (Count 3), violation of the automatic stay (Count 4), and violation of public policy (Count 5). At the heart of the complaint is a letter KinderCare sent to Mr. Henneghan in July 2004 declining to enroll his children "due to your payment history and the unresolved insufficient fund that remains from August 2002" and also because of the "content" of "letters sent to corporate." The latter is a reference to demands Mr. Henneghan had made for payment of $100,000 in damages after two of the children were allegedly injured in separate incidents at the center during a prior period of enrollment.

---

[1] This is one of 26 adversary proceedings filed by the debtor against a variety of defendants.

Prior to the filing of the present action – and only 13 days after the order closing his previous case – the debtor filed a chapter 7 petition in this court.  After the court entered an order for the debtor to show cause why he should not be denied a discharge because he had received a chapter 7 discharge in a case filed within six years of the present case – thereby making him ineligible to receive a chapter 7 discharge in the newly-filed case – the debtor moved to convert the case to chapter 13, and an order was entered on April 7, 2005, converting the case.  After the chapter 13 trustee filed a motion to dismiss, the debtor, prior to the hearing on the motion, filed his own motion to dismiss.  The court granted the debtor's motion, and the case was dismissed (with prejudice to refiling for 180 days, because a motion for relief from the automatic stay had been filed) on June 9, 2005.

## Discussion

The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for relief or, in the alternative, for summary judgment.

### A.

The motion to dismiss for lack of subject-matter jurisdiction is based on the argument that the underlying bankruptcy case must be reopened in order for this court to have jurisdiction.  The court has addressed this issue at length in one of the other actions brought by the debtor.  *Henneghan v. Columbia Gas of Va., Inc.*, No. 03-11853, A.P. No. 05-1220 (June 22, 2005).  The parties are referred to that opinion for the details of the court's analysis, which concluded that proceedings other than a complaint to determine dischargeability cannot be brought after a case is closed unless the case is first reopened for

that purpose.  Additionally, as further discussed in the *Columbia Gas* opinion, even if the bankruptcy case is reopened, the court would have subject-matter jurisdiction only over Count 4, which asserts a violation of the automatic stay, and not over Counts 1, 2, 3, and 5, since the claims asserted in those counts do not arise under the Bankruptcy Code, do not arise in a bankruptcy case, and are not related to a bankruptcy case.  For that reason, Counts 1, 2, 3 and 5 will be dismissed without prejudice to their assertion (assuming they otherwise state claims for relief) in a court of appropriate jurisdiction.  Count 4 will be dismissed without prejudice to the plaintiff's right to bring a motion to reopen his closed case, and, if such motion is granted, to reinstate this action on the docket as to that count.

B.

Because the court lacks subject-matter jurisdiction over Counts 1, 2, 3, and 5, it is unnecessary to determine whether they state claims for relief, and the court declines to do so.  With respect to Count 4, the complaint, though sparse on facts, minimally states a claim for relief under § 362(h), Bankruptcy Code, for willful violation of the automatic stay.  It is true that the KinderCare letter does not in express terms demand payment of the delinquent prepetition charges.[2]  Nor does it agree to readmit the children upon the payment of those charges.  Nevertheless, the letter could, standing alone, be read as an effort to pressure the debtor into paying the delinquent charges.

---

[2] In this connection, the prepetition charges include not only those charges that accrued before the filing of the petition, but also those charges accruing after the filing of the petition but before the conversion of the case from chapter 13 to chapter 7.  § 348(d), Bankruptcy Code.

The defendant says that was not its intent, and it seeks an early dispositive ruling by asking the court to treat the motion to dismiss as a motion for summary judgment. Fed.R.Bankr.P. 12(b). In support of the motion, KinderCare has a filed declaration of one of its employees setting forth its version of the events, and it urges the court to find, based on the declaration, that there are no material facts in dispute and that KinderCare is entitled to judgment as a matter of law. Given the court's ruling that this action cannot proceed at all unless the closed bankruptcy case is first reopened, it would be inappropriate to comment upon the defendant's showing. If the motion to reopen is granted, and Count 4 is reinstated on the docket, the court will set a date by which the debtor must file affidavits opposing the motion for summary judgment and will rule on the motion at that time.

A separate order will be entered consistent with this opinion.

Date: _____    _____
                                                            Stephen S. Mitchell
Alexandria, Virginia                            United States Bankruptcy Judge

Copies to:

Gerald Henneghan
10102 Parkington Court
Manassas, VA 20109
Plaintiff *pro se*

Stephen E. Leach, Esquire
Leach Travell, P.C.
1921 Gallows Road, Suite 425
Vienna, VA 22182
Counsel for the defendant